UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHN BOOKER** § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No. 5:22-cv-22 |
| § | |
| **HOME DEPOT U.S.A, INC.** § | |
| *Defendant* § | |
| § | |

# PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, John Booker, by and through counsel, Griffin Purnell L.L.C., brings this case against Defendant, Home Depot U.S.A, Inc., to recover for injuries sustained as the result of a dangerous condition on the premises located at 527 Fair Ave, San Antonio, Texas 78223.

## I.   INTRODUCTION

1. Defendant, Home Depot U.S.A, Inc., is the entity comprising "The Home Depot" home improvement stores. Plaintiff, John Booker, is a resident of Bexar County Texas and frequent Home Depot customer.

2. On September 18th, 2021, Mr. Booker was exposed to a slimy accumulation of mud and decomposing plant matter while navigating the store's "Garden Center."



3. As he casually walked through the isle near the rear of the store Mr. Booker unknowingly stepped on the accumulation, slipped, and landed on his shoulder and hip which caused serious injury.

4. The Home Depot was originally founded in 1978 and quickly developed into a do-it-yourself home improvement empire comprised of over 500,000 employees across 2,300 nationwide "superstores." In December 2021, Home Depot's market cap totaled $428 Billion making it the 17th most valuable company in the world.

5. Home Depot, at its core, is a warehouse filled with dangerous tools, heavy building materials, and messy gardening supplies. Despite Home Depot's enormous size and access to resources, it failed to recognize and proactively address a fundamental hazard to its customers – in this case Plaintiff John Booker.

6. As a result, Mr. Booker sustained life altering injuries when the hazardous accumulation caused him to slip and injure his shoulder on the hard concrete. He brings this suit to recover for his injuries and send Home Depot a message so that no other customer sustains such an easily preventable injury in the future.

## II. PARTIES

7. Plaintiff, John Booker is an individual domiciled in Bexar County, Texas. For purposes of jurisdiction and venue, Plaintiff is subject to the jurisdiction of this court and deemed to be a citizen of Texas.

8. Defendant, Home Depot U.S.A, Inc., is a domestic corporation organized and incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia. Home Depot U.S.A, Inc. may be served with citation by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX, 78701. All acts and

omissions of the Defendant as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of its respective agencies, services, employments and/or ownership.

### III. JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. §1332(a) because the Plaintiff is a citizen of Texas, the named Defendant is a citizen of different states, and the amount in controversy exceeds the sum of value of $75,000.00 exclusive of interest and costs.

10. This Court also has specific jurisdiction over Defendant because it purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over the Defendant, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendant transacts business affairs and conducts activity that gave rise to the claim of relief in this District.

### IV. FACTUAL BACKGROUND

1. Plaintiff John Booker is a proud life-long resident of San Antonio. At 68 years old he's an active adult who believes deeply in the "do-it-yourself" mindset. After years in the auto mechanic and body repair industry, Mr. Booker continues to find joy personally restoring classic vehicles. Mr. Booker has a similar attitude when it comes to home improvement projects and has used Home Depot for decades to supply him with the materials he needs to get the job done.

*Home Depot allowed mud and dead plant matter to accumulate in Garden Center walkway.*

2. On Sunday, September 18th, 2021, Mr. Booker's life was forever changed by a simple but extremely hazardous condition resulting from the negligence of Home Depot. While casually strolling through the store's "Garden Center" Mr. Booker stepped on an accumulation of mud and decomposing plant matter near the edge of the walkway in the rear of the store.

*Plaintiff slipped on Garden Center accumulation and sustained severe injury on hard concrete.*

3. The slimy accumulation's low coefficient of friction prevented Mr. Booker's foot from gaining adequate traction against the underlying concrete thereby causing him to slip. He landed on his side with much of the impact going to his shoulder which caused extreme pain and injury that exists to this day. Mr. Booker was eventually able to garner the attention of a Home Depot employee and report the dangerous condition that led to his fall.

4. Home Depot employees responding to the scene appeared shocked that such a large accumulation of material was allowed to form in the garden center walkway. The employees immediately placed a warning sign near the hazard and eventually used the many nearby Garden Center hoses and other sanitation equipment to clear the mud and debris.

*Plaintiff's shoulder was injured in the fall which may require surgical intervention.*

5. Mr. Booker scheduled an appointment with his doctor shortly after the incident and received an initial diagnosis on September 30th, 2021. Mr. Booker's pain stemmed from injury to his sciatic nerve and a buildup of fluid in his shoulder.

6. Mr. Booker is currently undergoing noninvasive treatment as he desperately seeks to avoid surgery. Unfortunately, it appears that surgical intervention will ultimately be necessary to regain full function of his arm.

7. More than three months after the incident Mr. Booker must frequently secure his arm in a sling and has difficulty accomplishing basic tasks at his current job which requires him to sit at a desk for extended periods of time.

8. To mitigate his pain, Mr. Booker takes a half dose of prescribed opiates as needed. While Mr. Booker still experiences some pain on a half dose, he prudently avoids the full force of the narcotic and the dangers surrounding prolonged opiate usage. Despite the medication and treatment there are times when the pain is so bad a coworker must assist him in getting out of his office chair.

***The accumulation blended with the concrete and did not present an obvious hazard to Plaintiff.***

9. While Mr. Booker is a naturally observant person, he did not see the hazardous accumulation against the natural color of the concrete on the date of the incident. As shown below, it would have been nearly invisible to the untrained eye.

10. Additionally, there was no reason for Mr. Booker to take particular caution against this hazard given that at the time[1] Home Depot had no warning signs indicating a known or prospective danger in that area of the store.

11. To make matters worse, it appears Home Depot knew of the danger prior to the incident. Unlike common spills from leaking equipment or store inventory, the hazard Mr. Booker encountered was a slimy mixture of mud and decomposing plant matter. This hazard necessarily accumulated slowly, leaving ample time for Home Depot staff to locate and correct the condition.

12. The pictures below, taken on the date of the incident, demonstrate Home Depot had ample time to locate and cure (or warn of) the hazardous accumulation. In addition to its inherently

---

[1] A subsequent inspection by Mr. Booker on December 11, 2021, revealed that Home Depot had installed warning signs on nearly every pole in the garden center after the incident.

slow-formation period, the accumulation remained in the Garden Center walkway long enough for moisture to evaporate from areas exposed to sunlight. Leaves and other debris also had time to fall into the accumulation.





13. Mr. Booker's months of constant pain has forced him to replay the events leading up to his injury.

14. Upon focused reflection Mr. Booker recalls greeting an inattentive Home Depot employee as he first entered the Garden Center. Mr. Booker distinctly remembers the employee did not respond to his greeting and was instead *focused on her cell phone*.

15. Other than the single employee, Mr. Booker does not recall any other employee working in the Garden Center during his visit.

***Home Depot offered Mr. Booker a store gift card when presented with his medical bills.***

16. Mr. Booker has always lived his life by simple and straightforward principles. He's a "straight shooter" and believes in the idea of making things right when someone is harmed on your watch. He's never been a particularly litigious person and after working several years in the insurance business he figured he could reach out to Home Depot directly and let them know what happened.

17. Mr. Booker thought Home Depot would make things right. Unfortunately, they continued to make things wrong.

18. After explaining the circumstances surrounding the incident and providing information related to his medical treatment, Home Depot waited two months to offer $500 and a *$100 Home Depot Gift Card* for his troubles.

19. Home Depot must realize a gift card does not adequately compensate a man faced with thousands of dollars in increasing medical bills and a potential lifetime of pain.

20. Home Depot's failure to accept responsibility and general lack of compassion has forced Mr. Booker to seek this Court's intervention. He hopes that by bringing this lawsuit he may receive adequate compensation for his injury and send a message to Home Depot so that similar conduct is never inflicted upon its customers in the future.

## V.     CAUSES OF ACTION

### COUNT 1: -NEGLIGENCE-

21.    All of the allegations contained in the previous paragraphs are realleged herein.

22.    Defendant, Home Depot U.S.A, Inc., was in possession of the premises located at 527 Fair Ave, San Antonio, Texas 78223.

23.    Plaintiff entered the premises as a paying customer on September 18th, 2021, at approximately 4:30 PM to browse and purchase Defendant's goods for their mutual benefit.

24.    The accumulation of mud and decomposing plant matter presented an unreasonable risk of harm due to its slimy composition, low coefficient of friction, propensity to blend into its surroundings, and the foreseeability of the harm suffered by Plaintiff by stepping on such a material.

25.    Defendant is one of the largest companies in the world with near limitless resources who has spent years operating large "superstores" visited by millions of customers every year. As such Home Depot knew or should have known of the propensity for mud and plant matter to accumulate in its Garden Center and taken reasonable steps to inspect for and cure the dangers such accumulations pose to its customers. It did not. Instead, The Home Depot entrusted a single inattentive employee to manage and monitor the entire outdoor Garden Center.

26.    Here, Defendant had an actual or constructive awareness of the unreasonably dangerous accumulation of mud and decomposing plant matter that caused Plaintiff's injury. This accumulation necessarily formed slowly as water mixed with dirt, plant matter, and general "grime" from the Garden Center's inventory over an extended period of time. Defendant likewise had an extended period of time to locate and cure or warn of the defect, therefore giving it constructive notice of the defect.

27. The slow nature of the accumulation's formation is further evidenced by the state of the accumulation immediately after the incident. The accumulation is comprised of a large quantity of material surrounded by various twigs and leaves which landed in the mixture as time passed. Additionally, the photographs demonstrate that moisture had time to evaporate from the accumulation in the areas exposed to sunlight.

28. Defendant, Home Depot U.S.A., Inc., owed a duty to use ordinary care to ensure the premises did not present a danger to customers including Plaintiff. This duty includes the duty to inspect for hazardous spills or accumulations such as the one here and the duty to warn or cure.

29. Defendant breached the duty of ordinary care, or the degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances, in both failing to adequately warn Plaintiff of the unreasonably dangerous accumulation of mud and decomposing plant matter and failing to make the aisles of its Garden Center reasonably safe by inspecting for, locating, and eliminating such unreasonably dangerous conditions.

30. As a direct and proximate result of Defendant's conduct Plaintiff sustained serious injuries when he made contact with and slipped on the hazardous accumulation located on Defendant's premises.

31. Plaintiff suffered severe pain, injuries, and mental anguish and is therefore damaged in an amount to be determined by a jury.

## VI. RESERVATION OF RIGHTS

32. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend its Petition to add or remove counts upon further discovery and as its investigation continues.

## VII.  JURY DEMAND

33.  Plaintiff hereby requests that all causes of action alleged herein be tried before a properly impaneled jury.

## VIII.  PRAYER FOR RELIEF – DAMAGES

34.  The conduct of the Defendant, as alleged hereinabove, was a direct, proximate and producing cause of the damages to Plaintiff and of the following general and special damages including:

(a) Damages in an amount to be determined at trial and their costs;

(b) Compensatory damages in an amount sufficient to fairly and completely compensate him for all damages;

(c) Physical pain and mental anguish sustained by Plaintiff;

(d) Wage impairment and lost earning capacity;

(e) Special damages for all medical expenses and property damage incurred on behalf of Plaintiff;

(f) Prejudgment and post judgment interest, costs, and disbursements; and,

(g) Such and further relief at law or in equity as this Court may deem just and appropriate.

## IX.  CONCLUSION

Plaintiff demands that the Defendant be cited to appear and answer herein. Upon final judgment against the Defendant, awarding Plaintiff damages in an amount to be determined at trial and his costs and compensatory damages in an amount sufficient to fairly and completely compensate him for all damages listed herein and such and further relief at law or in equity as this Court may deem just and appropriate.

Dated:  January 11, 2022                    Respectfully submitted,

                                                **GRIFFIN PURNELL LLC**
                                                1919 San Pedro Ave.
                                                San Antonio, TX 78215
                                                (210) 905-0069 telephone
                                                (361) 356-4348 fax


                                                */s/ Charles E. Hardy Jr.*
                                                CHARLES E. HARDY JR.
                                                TX State Bar No. 24107661
                                                DANIEL R. GRIFFIN
                                                TX State Bar No: 24118060
                                                SIMON B. PURNELL
                                                TX State Bar No. 24003889
                                                dan@griffinpurnell.com
                                                simon@griffinpurnell.com
                                                chase@griffinpurnell.com

                                                **ATTORNEYS FOR PLAINTIFF**